**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **SYBIL ELIJAH, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID ELIJAH; RAYFORD BROWN, INDIVIUDALLY AND AS REPRESENTATIVE OF THE ESTATE OF ELNORA BROWN** | ) ) ) ) ) ) | |
| ***Plaintiffs,*** | ) ) | |
| **v.** | ) ) | Case No.: _____ |
| **PILGRIM'S PRIDE CORPORATION F/K/A PILGRIM'S INDUSTRIES, INC.; JBS USA HOLDINGS, INC.; PACKERS SANITATION SERVICES, LTD.;** | ) ) ) ) ) | |
| ***Defendants.*** | ) ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, SYBIL ELIJAH, Individually and on Behalf of the Estate of David Elijah, and RAYFORD BROWN, Individually and on Behalf of the Estate of Elnora Brown (herein "Plaintiffs"), and, complaining of and against Defendants PILGRIM'S PRIDE CORPORATION f/k/a PILGRIM'S INDUSTRIES, INC (Pilgrim's Pride).; JBS USA HOLDINGS, INC.; PACKERS SANITATION SERVICES, LTD. (PSSI); (collectively, "Defendants"), make and file this, their *Original Complaint*. Plaintiffs respectfully show the Court as follows:

### PARTIES

1.     Plaintiff SYBIL ELIJAH is an individual domiciled in Mt. Pleasant, Titus County, Texas and is a citizen of Texas.

2.     Plaintiff RAYFORD BROWN is an individual domiciled in Mt. Pleasant, Titus County, Texas and is a citizen of Texas.

3.     Defendant PILGRIM'S PRIDE CORPORATION f/k/a PILGRIM'S INDUSTRIES, INC. (herein "Defendant Pilgrim's Pride" or "Pilgrim's Pride") is a foreign for-profit corporation incorporated under laws of Delaware with principal places of business in Greeley, Colorado.  It may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Summons is requested herein.

4.     Defendant JBS USA HOLDINGS, INC. (herein "Defendant JBS" or "JBS") is a foreign for-profit corporation incorporated under laws of Delaware with a principal place of business located at 1770 Promontory Circle, Greeley, Colorado. Summons is requested herein.

5.     Defendant PACKERS SANITATION SERVICES, LTD. (herein "Defendant PSSI" or "PSSI") is a foreign for-profit corporation headquartered at 8679 Freeway Drive, Macedonia, OH 44056 and may be served with process to National Registered Agents, Inc. 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Summons is requested herein.

## JURISDICTION AND VENUE

6.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states and Plaintiffs seek damages in an amount that exceeds the sum of $75,000, exclusive of interest or costs.

7.     Personal jurisdiction and venue are proper because the negligent acts of Defendants giving rise to the causes of action occurred within the Eastern District of Texas, specifically within Mt. Pleasant, Titus County, Texas, which is in the Texarkana Division.  Furthermore, Defendant Pilgrim's Pride has presence within the Eastern District of Texas as they have facilities located in the area.

8.     Plaintiffs are entitled to bring a wrongful death action pursuant to Tex. Civ. Prac. & Rem. Code § 71.004. Plaintiffs additionally bring survival actions pursuant to Tex. Civ. Prac.

& Rem. Code § 74.303.

9.      This Complaint was filed within the applicable statute of limitations.

## DEFINITIONS

10.     Whenever the term "Defendants" is utilized within this lawsuit, the term collectively refers to and includes all named Defendants in this lawsuit.

11.     Whenever in this lawsuit it is alleged that Defendants, or any particular Defendant(s), acted or failed to act, it shall mean that the Defendants' officers, agents and employees acted or failed to act within the course and scope of their official capacity as an officer, agent or employee.

## FACTUAL ALLEGATIONS

12.     This case arises from Defendants, Pilgrim's Pride Corporation and its parent company, Defendant JBS USA Holdings, Inc.'s, fraudulent misrepresentations, gross negligence, and incorrigible, willful and wanton disregard for worker safety at Pilgrim's Pride facilities. Defendant PSSI while working with Pilgrim's Pride facilities failed to protect employees from known dangers of the coronavirus. Defendants failed to timely ensure the health and safety of Pilgrim's Pride's employees.

13.     It is known and not disputed that COVID-19 is an infectious respiratory disease caused by a novel coronavirus (hereinafter "COVID-19" or "the virus").  COVID-19 is highly contagious.  COVID-19 can result in serious, long-term health complications and has resulted in more than 562,066 reported deaths in the United States to date. Among these serious health complications, COVID-19 can cause inflammation in the lungs, clogging the air sacs in the lungs, limiting the body's oxygen supply and blood clots, organ failure, liver damage, intestinal damage, heart inflammation, neurological malfunction, and acute kidney disease. The virus primarily

spreads from person to person through respiratory droplets produced when an infected person coughs or sneezes. Spread is more likely when people are in close contact with one another (i.e., within 6 feet). The virus can be spread by people who are asymptomatic, pre-symptomatic, or mildly symptomatic.

14.     According to the Center for Disease Control (hereinafter "CDC"), the chief  COVID-19 risk to employees at meatpacking plants, which includes workers at Pilgrim's Pride's Mt. Pleasant facility (the "Plant"), comes from being in prolonged close proximity to other workers.  Hundreds to thousands of employees, like Decedent Elnora Brown work in eight hour shifts, standing shoulder to shoulder as they stand before a conveyor belt cutting and slicing meat. Additionally, workers often share equipment and contact the same surfaces repeatedly throughout the day which have not been properly and thoroughly cleaned and sanitized per government guidelines.

15.     Injury is common among workers, because workers often get only a second or two to complete their job before the next chicken comes. The frenzied pace and grueling physical demands of breaking down so many animals can make people breathe hard and make it difficult for them to keep masks properly positioned on their faces and clean.

16.     Pilgrim's Pride plants have another unique characteristic that contribute to high rates of COVID-19 infections among Pilgrim's Pride employees: Pilgrim's Pride facilities are kept at a very cold temperature to prevent meat from spoiling or getting contaminated with pathogens that cause foodborne illness. These cold temperatures allow the COVID-19 virus to stay viable outside the body for longer increasing the survival of the virus in the air and therefore increase the risk of infection in these plants.

17.     Despite an uncontrolled COVID-19 outbreak, Defendant Pilgrim's Pride required its employees to work long hours in cramped conditions.  Moreover, despite the danger of COVID-19, Defendant Pilgrim's Pride failed to provide appropriate personal protective equipment and failed to implement sufficient social distancing or safety measures to protect workers from the outbreak.  As a result, Decedent Elnora Brown, Plaintiff Sybil Elijah, and other Pilgrim's Pride employees were infected with COVID-19 while working next to, around or near an employee that had COVID-19 asymptomatically and/or early symptoms at Pilgrim's Pride Facilities.

18.     Plaintiffs' wrongful death and survival actions concerns the negligent, reckless, and outrageous conduct of Defendants.

19.     Plaintiff Sybil Elijah has worked for Defendant Pilgrim's Pride chicken-processing plant located at or around 1107 Monticello Road, Mt. Pleasant, Texas since at least the beginning of 2020.

20.     Decedent Elnora Brown had worked continuously for Defendant Pilgrim's Pride chicken-processing plant located at or around 1107 Monticello Road, Mt. Pleasant, Texas since 2019.

21.     The virus has been named SARS-CoV-2 (severe acute respiratory syndrome) and the disease it causes was named coronavirus disease 2019 "COVID-19".  COVID-19 is highly contagious and can result in serious, long-term health complications and has resulted in more than 562,066 reported deaths in the United States to date.

22.     Distinctive factors that affect workers' risk for exposure to COVID-19 in meat processing facilities include distance between workers, duration of contact, and type of contact between workers.

23.     The best way to prevent infection and illness is to avoid being exposed to the COVID-19 virus.

24.     The timeline of the above publicly known facts stated above about COVID-19 are as follows:

  a.   On **January 11, 2020**, Chinese state media reported its first known death from COVID-19.

  b.   Japan, South Korea, and Thailand reported confirmed cases by **January 20, 2020**.

  c.   The United States reported its first case on **January 21, 2020**.

  d.   On **January 31, 2020** the United States Department of Health and Human Services declared a national public health emergency.

  e.   On **February 12, 2020** the CDC recommended the use mask when around other people.

  f.   On **March 5, 2020** the state of Texas had the ability to test for COVID-19.

  g.   On **March 9, 2020**, with over 500 confirmed cases of COVID-19 in the United States, the CDC published federal guidelines for workers. These guidelines included recommendations for social distancing of at least 6 feet, and the use of Personal Protective Equipment ("PPE") for workers. PPE is regulated by the FDA to ensure resistant to rips/tears and effectively block fluids.

  h.   Also on **March 9, 2020** OSHA released its own guidelines including the following recommendations:

    i.   Social distancing of at least 6 feet;

    ii.   Using Personal Protective Equipment ("PPE"); and

       iii.  Companies should offer surgical masks or respirators to workers who could be infected with COVID-19, especially those that worked in close quarters.

i.     Defendants did not immediately follow those federal guidelines or communicate those guideline to employees.

j.     On **March 11, 2020** the World Health Organization declared COVID-19 a pandemic and recommended the suspension of travel.

k.    On **March 13, 2020** President Trump declared a national emergency. Additionally, the CDC and Johns Hopkins recommended social distancing of 6 feet. Furthermore, Texas Governor Abbott declared a state disaster. Texas drive through COVID-19 testing became available, and labs increased testing capabilities to 273 samples per day.

l.     On **March 19, 2020**, Texas statewide mandates were initiated that banned gatherings of over 10 people and mandated all nonessential workers to work from home.

m.   On **March 19, 2020**, Dr. John Hellerstedt, Commissioner of the Texas Department of State Health Services, declared a public health disaster in Texas, because COVID-19 "created an immediate threat, poses a high risk of death to a large number of people, and creates a substantial risk of public exposure because of the disease's method of transmission and evidence that there is community spread in Texas."

n.    Up to and including **March 27, 2020**, workers at Pilgrim's Pride were:

        i.   Not required to wear masks and/or other PPE, in conflict with CDC and OSHA guidance;

       ii.   Required to work within 6 feet of one another, in conflict with  CDC and OSHA guidance; and

     iii.   Not required to report to their superiors if they were experiencing COVID-19 symptoms.

o.    On **March   31, 2020**, the Journal   of the American   Medical   Association (JAMA) reported transmission  of  SARS-CoV-2 through the eyes. Defendants did not provide or make readily available eye protection to lessen transmission of COVID-19. The Texas social distancing mandates extended through end of April, and schools closures were through May 4th with only essential services were permitted to remain open with COVID-19 precautions in place.

p.    On **April 2, 2020,** it was publicly known that SARS-CoV-2 could be spread by people  who  are  not  exhibiting  symptoms  which  underscores  why  simple temperature testing by Defendant Pilgrim's Pride was not enough.

q.    On **April 28, 2020,** President Trump signed an Executive Order classifying meat processing plants as essential infrastructure. The stated purpose for the Order was to avoid risks to the nation's food supply. However, at no time did any federal  officers direct  Defendants to  keep  facilities  open  in  negligent manner.

r.    On **May  9,  2020** saliva-based  diagnostic  tests  were  available  but  were not used at the Plant until later in May.

s.      In the first quarter of 2020, Defendant Pilgrim's Pride reported net sales of $3.07 billion.

t.      By **May 1, 2020,** Mt. Pleasant reported 675 confirmed COVID-19 cases over a 45-day period when a COVID-19 infection broke out in Pilgrim's Pride Mt. Pleasant plant. Mt. Pleasant has a population of approximately 15,564 people.

u.      On or around **May 19, 2020**, Defendants began offering testing for COVID-19.

25.     Based on information and belief, Defendants did not provide Pilgrim's Pride employees, like Plaintiff Sybil Elijah and Decedent Elnora Brown, timely information and training about COVID danger.

26.     At all relevant times, the Defendants, individually and collectively, had responsibility for their employees' safety and work conditions. Defendants acted with reckless disregard by reporting that Pilgrim's Pride plants had taken proper timely precautions to prevent the spread of the virus among its own employees. Despite the clear and present danger the virus presented, Defendants kept the Plant open during the entire duration of 2020, even after hundreds of workers fell ill and others died.

27.     The Defendants knew, or in the exercise of a reasonable degree of care, should have known that if OSHA and CDC guidance were not followed workers would become infected with and some would succumb to COVID-19.

28.     Instead, the Defendants placed profits over safety.

29.     As a result of the Defendants' outrageous, reckless, and grossly negligent actions which demonstrated a total disregard for the safety of workers and their families, Decedent Elnora Brown and Decedent David Elijah became infected with COVID-19 and died from such exposure at Pilgrim's Pride facility.

## INDIVIDUAL ACCOUNTS:
## PLAINTIFF SYBIL ELIJAH & DECEDENT DAVID ELIJAH

30.     Plaintiff Sybil Elijah works as a custodian at the Mt. Pleasant Pilgrim's Pride Plant.

31.     Plaintiff Sybil Elijah did not go out in public in late April and May 2020, except to go to work at the Plant and run necessary errands, such as going to the grocery store. The vast majority of her time was spent at the Plant or at home with her husband.

32.      Plaintiff Sybil Elijah was not required or instructed to wear a mask, facial shield or other precautions until **late May or early June of 2020**.

33.     On or around **May 19, 2020**, the Plant began offering COVID-19 testing.

34.     On **May 20, 2020**, Plaintiff Sybil Elijah took a COVID-19 test at the Plant.

35.     On **May 21, 2020**, Decedent David Elijah, began exhibiting COVID-19 symptoms. Decedent Elijah's condition was so severe that Plaintiff Sybil Elijah took him to the hospital that night.

36.     Decedent David Elijah was disabled and suffered a previous leg amputation. He never left his home and was home bound from February to May 2020 until his visit to the hospital.

37.     Plaintiff Sybil Elijah believes that because her husband, Decedent David Elijah, was homebound and never left the house, whatever he caught almost certainly came from her exposure at her workplace.

38.     Plaintiff Sybil Elijah believes she contracted COVID-19 while working at the Pilgrim's Pride Mt. Pleasant Plant.

39.     On **May 22, 2020**, Decedent David Elijah died. The Titus County medical examiner confirmed that he died of COVID-19. **Exhibit A, Death Certificate of David Elijah**.

40.     On **May 26, 2020,** Plaintiff Sybil Elijah received the result of her May 20 COVID-19 test. **She tested positive**.

41.     Towards the end of May 2020, or perhaps on the beginning of June 2020, Defendant Pilgrim's Pride began mandating mask-wearing in the Plant and made hand sanitizer freely available for employee use.

42.     Additionally, it is understood and believed that social distance barriers were not used at Pilgrim's Pride Mt. Pleasant Plant until **early May 2020**.

43.     In **May 2020** over 400 people contracted COVID-19 in connection with exposure originating at Pilgrim Pride facilities.

44.     Plaintiff Sybil Elijah was exposed to SARS-CoV-2 and contracted COVID-19 at the Plant by working next to, around or near other employee(s) that had COVID-19 symptoms and/or asymptomatic infection. Decedent David Elijah in turn contracted COVID-19 from Plaintiff Sybil Elijah. Accordingly, Decedent David Elijah died as a proximate result of Plaintiff Sybil Elijah contracting COVID-19 at the Plant.

45.     Decedent David Elijah would still be alive if Defendants had acted more quickly and timely based on well publicized information to (a) mandate mask-wearing, (b) require at least six feet of social distancing between employees, (c) provide on-site COVID-19 tests, (d) consistently require employee temperatures to be taken before entering the plant, (e) consistently enforce safety precautions and (f) exclude from the plant anyone who was sick or might be sick with COVID-19. Defendant Pilgrim's Pride could have, but did not, take these steps in April 2020 or early May of 2020.  Any steps to prevent COVID-19 infections that were taken by Defendants were too late.

46.     Defendants knew that its failure to take these steps in a timely manner presented a severe risk to the health and lives of its employees and their families. But Defendants proceeded in its reckless course of action despite that risk.

47.    Defendants' actions and omissions in early 2020 were reckless and caused the death of Decedent David Elijah.

## INDIVIDUAL ACCOUNTS:
## PLAINTIFF RAYFORD BROWN & DECEDENT ELNORA BROWN

48.    Decedent Elnora Brown began working for Defendant Pilgrim's Pride in 2019. She had previously worked for Defendant Pilgrim's Pride for approximately five or six years.

49.    Decedent Elnora Brown was not required or instructed to wear a mask, facial shield or other precautions until **late May or early June of 2020**.

50.    On or around **May 19, 2020**, the Plant began offering COVID-19 testing.

51.    On **June 16 2020**, Decedent Elnora Brown died. The Titus County medical examiner confirmed that she died of COVID-19. **Exhibit B, Death Certificate of Elnora Brown**.

52.    Towards the end of May 2020, or perhaps on the first of June 2020, Defendant Pilgrim's Pride began mandating mask-wearing in the Plant and made hand sanitizer freely available for employee use.

53.    Additionally, it is understood and believed that social distance barriers were not used at Pilgrim's Pride Mt. Pleasant Plant until **early May 2020**.

54.    In **May 2020** over 400 people contracted COVID-19 in connection with exposure originating at Pilgrim Pride facilities.

55.    Decedent Elnora Brown was exposed to SARS-CoV-2 and contracted COVID-19 at the Plant by working next to, around or near other employee(s) that had COVID-19 symptoms and/or asymptomatic infection. Decedent Elnora Brown in turn contracted COVID Accordingly, Decedent Elnora Brown died as a proximate result of contracting COVID-19 at the Plant.

56.     Decedent Elnora Brown would still be alive if Defendants had acted more quickly and timely based on well publicized information to (a) mandate mask-wearing, (b) require at least six feet of social distancing between employees, (c) provide on-site COVID-19 tests, (d) consistently require employee temperatures to be taken before entering the plant, (e) consistently enforce safety precautions and (f) exclude from the plant anyone who was sick or might be sick with COVID-19. Defendant Pilgrim's Pride could have, but did not, take these steps in April 2020 or early May of 2020.  Any steps to prevent COVID-19 infections that were taken by Defendants were too late.

57.     Defendants knew that its failure to take these steps in a timely manner presented a severe risk to the health and lives of its employees and their families. But Defendants proceeded in its reckless course of action despite that risk.

58.     Defendants' actions and omissions in early 2020 were reckless and caused the death of Decedent Elnora Brown.

## DEFENDANTS' NEGLIGENCE

59.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint by reference.

60.     At all relevant times, Defendants owned, operated, maintained and otherwise controlled the Pilgrim's Pride Plant, and controlled and supervised the work being done at the Plant. Defendant PSSI partnered with Pilgrim's Pride and JBS to ensure health and safety of workers.

61.     Specifically, Defendants controlled and supervised all safety precautions and procedures at the Plant, including those related to COVID-19 protection and prevention.

62.     Control over the operations and safety decisions at the Mt. Pleasant Plant were not limited  to Defendant Pilgrim's Pride. Instead,  key  decisions  were  controlled  by additional Defendants, including corporate representatives at the parent level.

63.     The specific decisions related to whether or not to provide PPE, whether or not to properly distance workers, and whether or not to take other measures to timely prevent the spread of COVID-19 at the Mt. Pleasant Plant were controlled by the corporate leaders in  Colorado.

64.     In  connection  with  their  control  and  supervision  of  the  Plant,  the  Defendants developed untimely plans, recommendations, guidance, safety procedures and specifications for performance of work at the Plant. Defendants either failed to follow those recommendations or did not follow them fully. Plaintiff Sybil Elijah and Decedent Elnora Brown continued to work in close proximity  to  other  workers  without  proper  and  adequate  protective  gears,  barriers,  training  and sanitizing stations. The Defendants, having possession and control of the Plant and the work being done  there,  owed  a  duty  to  all  those  working  at  the  Plant,  including  Plaintiff  Sybil  Elijah  and Decedent Elnora Brown, to provide a reasonably safe work environment, free from unreasonable and dangerous hazards.

65.     The negligence, gross negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees, which were the cause of Decedent Elnora Brown's and Decedent David Elijah's deaths, consisted of, but were not limited to, the following:

      a.     Ignoring the risk of COVID-19 infection to workers at the Pilgrim's Pride Mt. Pleasant Plant;

      b.     Failing to provide workers timely with any and/or adequate equipment to help prevent the spread of  COVID-19 at The Plant;

c.     Intentionally ignoring the fact that workers at the Plant were infected with and/or were displaying symptoms consistent with COVID-19;

d.     Failing to timely provide appropriate PPE at Pilgrim's Pride Mt. Pleasant Plant prior to March 30, 2020;

e.     Failing to provide workers timely with any equipment to help prevent the spread of COVID-19 at the Plant;

f.     Failing to close the Pilgrim's Pride Mt. Pleasant Plant, despite the fact that the Defendants knew, or should have known, that workers at the plant were suffering from symptoms consistent with COVID-19;

g.     Ignoring federal guidance from the CDC and OSHA by not mandating the use of masks and PPE at the Plant;

h.     Ignoring federal guidance from the CDC and OSHA by not mandating and/or enforcing social distancing guidelines at the Plant;

i.     Ignoring federal guidance from the CDC and OSHA by not mandating that workers who were feeling ill report their symptoms to their superiors;

j.     Ignoring federal guidance from the CDC and OSHA by not mandating that workers who were feeling ill stay home from work and self-quarantine;

k.     Requiring workers to stand less than 6 feet apart;

l.     Failing to implement policies and procedures that mandated workers kept 6 feet apart;

m.     Failing to provide workers with masks and/or PPE;

n.     Failing to provide workers with clear guidelines for social distancing;

o.     Failing to reduce the numbers of workers per shift at the Pilgrim's Pride Mt. Pleasant Plant, despite the fact that Defendants knew, or should have known, that workers in close proximity to one another were more prone to infection;

p.     Refusing to close the Pilgrim's Pride Mt. Pleasant Plant entirely in a timely fashion, even though the Defendants knew that workers at other Pilgrim's Pride Plants, including ones in Texas and across the country had come infected with COVID-19;

q.     Enforcing and/or maintaining a formal and/or informal 'work while sick' policy;

r.     Failing to properly sanitize or otherwise disinfect the Plant, despite the fact that workers at the plant were falling ill;

s.     Failing to perform consistent temperature checks on workers, truck drivers, and subcontractors arriving at the Pilgrim's Pride Mt. Pleasant Plant before they were allowed inside the Plant;

t.     Violating federal and state guidelines and requirements related to COVID-19 prevention in the workplace;

u.     Violating OSHA regulations, including OSHA 1910.132, related to the use of PPE;

v.     Breaching their duties under various sections of the Restatement (Third) of Torts and Texas law:

    i.     There was a calculated loss of life based on Defendants' lack of action in minimizing COVID-19 infections.  Defendants had a duty to protect its employees.

16

ii.       There is enormous gravity in potential COVID infections to employee and their family members.

iii.      Defendants were able to timely take adequate measures based on publicly known information but did not do so.

w.      Defendants failed to provide employees, Plaintiff Sybil Elijah, and Decedent Elnora Brown with a safe place to work.

x.      Defendants allowed workers at the Pilgrim's Pride Mt. Pleasant Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, to become infected by COVID-19 while working at The Plant.

y.      Defendants failed to properly train and supervise their employees and employees of subcontractors about the danger posed by COVID-19 and the necessary methods to prevent infection;

z.      Failing to properly train and supervise their employees and employees of subcontractors about federal and state guidelines regarding COVID-19 and federal and state guidelines to prevent COVID-19 infection;

aa.      Failing to warn Plaintiff Sybil Elijah, Decedent Elnora Brown, and other workers at the Pilgrim's Pride Mt. Pleasant Plant of the danger posed by COVID-19;

bb.      Failing to adopt, enact, employ, and enforce proper and adequate safety programs, precautions, procedures, measures, and plans;

cc.      Failing to properly supervise and inspect the work being done at the Pilgrim's Pride Mt. Pleasant Plant;

dd.      Failing to prevent workers at the Plant from being infected by COVID-19;

ee.     Failing to properly train supervisors and managers in determining when to shut down the plant due to a safety concerns;

ff.     Failing to provide proper training and/or education on how to combat an airborne virus;

gg.     Failing to hire and/or select appropriate individuals for managerial positions;

hh.     Failing to conduct appropriate safety surveys of the Plant;

ii.     Failing to hire appropriate consultants for how to respond to an airborne virus;

jj.     Failing to timely obtain appropriate safety materials, like PPE, to protect workers;

kk.     Failing to implement proper policies and/or procedures for shutting the Plant down in the face of a widespread virus/pandemic;

ll.     Failing to properly consider the safety of members of the public that would come into contact with those who worked at the facility;

mm.     Failing to offer rapid testing every day to mentally reassure employees and verify conclusively that everyone they work with at Pilgrim's Pride was COVID free; and

nn.     Failing to express due care under the circumstances described herein.

66.     The Defendants' actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff Sybil Elijah and Decedent Elnora Brown.

67.     The acts and omissions set forth herein were done in a negligent, grossly negligent, willful, reckless, and wanton fashion with a conscious indifference to the rights of members of the public generally, and Plaintiffs and Decedents, in particular.

68.    WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and/or severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit, and brings this action to recover the same.

### PSSI DEFENDANTS' NEGLIGENCE

69.    Defendant PSSI failed to protect Pilgrim's Pride employees from the known dangers associated with the coronavirus. Defendant failed to timely perform the following:

      a.  Require and implement maintaining a safe distance between  employees, including sub-contractors;

      b.  Provide implementation of personal protection equipment such as masks, gloves and/or face guards;

      c.  Institute requirement that employees who are sick or presented COVID-19 symptoms to not come to work;

      d.  Require temperatures taken all of employees and subcontractors upon entering the building;

      e.  Recommending and Advocating for the shutdown the plant for a limited time to lessen the spread;

      f.  Ensure a safe work environment with sanitation and decontamination;

      g.  Require and implement hand sanitizer readily available at entrances, exits and transitions within the Plant;

      h.  Properly educate employees of COVID-19 prevention; and/or

      i.  Institute quarantine or stay at home orders and/or policies for employees around those who exhibited symptoms of COVID-19.

70.    As a result of Defendant's failure to use ordinary care, Plaintiff Sybil Elijah and Decedent Elnora Brown were infected with the coronavirus at their work.

71.    WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and/or severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit, and brings this action to recover the same.

## DEFENDANTS' FRAUDULENT MISREPRESENTATIONS

72.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint by reference.

73.     The Defendants owe(d) lawful business invitees at the Pilgrim's Pride Mt. Pleasant Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, the highest duty of care.

74.     The Defendants knew that workers at the Pilgrim's Pride Mt. Pleasant Plant had become infected with COVID-19, and/or were displaying symptoms consistent with COVID-19 May 2020.

75.     The Defendants knew that workers at the Plant were especially susceptible to COVID-19 and knew that once one worker was infected, the virus was likely to spread to others.

76.     Despite this knowledge, the Defendants did not warn workers that others at the Pilgrim's Pride Mt. Pleasant Plant had become infected with COVID-19 and/or were displaying symptoms consistent with COVID-19.

77.     Despite this knowledge, the Defendants directly misrepresented to workers that there was no risk of infection and/or that the workers were unlikely to become infected and/or deliberately withheld their knowledge of workers at The Plant having symptoms consistent with COVID-19 and/or workers becoming infected with COVID-19.

78.     The Defendants fraudulently misrepresented the risk of infection to other workers at The Plant to induce those workers to continue their employment at The Plant.

79.     The Defendants fraudulently misrepresented the risk of infection to other workers at The Plant to induce those workers to continue making the Defendants profitable.

80.     The Defendants willfully and intentionally withheld their knowledge of COVID-19 infections at the Pilgrim's Pride Mt. Pleasant Plant.

81.     Workers at the Pilgrim's Pride Mt. Pleasant Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, relied on the Defendants' misrepresentations and continued to arrive for work each day, completely unaware that other workers at the plant were infected with COVID-19 and/or were displaying symptoms consistent with COVID-19.

82.     As a direct and proximate result of Plaintiff Sybil Elijah's and Decedent Elnora Brown's reliance on the Defendants' misrepresentations, Plaintiff Sybil Elijah and Decedent Elnora Brown became infected with COVID-19 while working at the Pilgrim's Pride Mt. Pleasant Plant. Decedent Elnora Brown died only days later.

83.     WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and/or severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit, and brings this action to recover the same.

## DEFENDANTS' INTENTIONAL MISREPRESENTATION

84.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint here by reference.

85.     The Defendants owed lawful business invitees at the Pilgrim's Pride Mt. Pleasant Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, the highest duty of care.

86.     At all relevant times, the Defendants represented to invitees, including Plaintiff Sybil Elijah and Decedent Elnora Brown, that it was safe for workers to arrive for their shifts at the Pilgrim's Pride Mt. Pleasant Plant.

87.     At all relevant times, the Defendants' representations were material to Plaintiff Sybil Elijah's and Decedent Elnora Brown's presence at the Pilgrim's Pride Plant.

88.     The Defendants' representation that it was safe for workers to arrive for their shifts at the Pilgrim's Pride Mt. Pleasant Plant was false.

89.     This misrepresentation was made intentionally and knowingly.

90.     The Defendants learned they had misrepresented the risk of COVID-19 infections to workers at the Pilgrim's Pride Plant, learned that workers at the Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, relied upon the Defendants' misrepresentations, and the Defendants failed to correct their misrepresentations.

91.     At all relevant times, the Defendants had actual knowledge of the risk of COVID-19 infections to workers at the Pilgrim's Pride Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown.

92.     At all relevant times, the Defendants had actual knowledge that workers at the Pilgrim's Pride Plant were infected with COVID-19 and/or were experiencing symptoms consistent with COVID-19.

93.     Despite their actual knowledge of COVID-19 infections at the Plant, and the risk these infections posed to other workers, including Plaintiff Sybil Elijah and Decedent Elnora Brown, the Defendants kept the Pilgrim's Pride Plant open to workers the entire year of 2020.  Defendants kept the Pilgrim's Pride Mt. Pleasant Plant open throughout the entire outbreak of COVID-19.

94.     The Defendants' motivation for intentionally misrepresenting the safety of the Pilgrim's Pride Mt. Pleasant Plant was to make money and to continue to profit.

95.    The Defendants intentionally misrepresented and deceived workers into believing that the Pilgrim's Pride Mt. Pleasant Plant was safe to ensure that workers continued to show up each day for their shifts and to ensure that the Defendants continued to profit.

96.    Workers at the Pilgrim's Pride Mt. Pleasant Plant, including Plaintiff Sybil Elijah and Decedent Elnora Brown, justifiably relied upon the Defendants' false representation that the Pilgrim's Pride Mt. Pleasant Plant was safe at all relevant times.

97.    The conduct of the Defendants, as described above, demonstrated a reckless disregard for the safety and health of workers at the Pilgrim's Pride Mt. Pleasant Plant.

98.    The death and injuries sustained by Plaintiffs' decedents was caused by the negligence, gross negligence, carelessness, recklessness, outrageous conduct and intentional misrepresentations of the Defendants, acting by and through their agents, servants, workers and/or employees, both generally and in the following respects:

a.    Failing to close the Pilgrim's Pride Mt. Pleasant Plant despite the known dangers caused by COVID-19 infections at the plant;

b.    Failing to close the Pilgrim's Pride Mt. Pleasant Plant despite the known dangers caused by workers displaying symptoms of COVID-19 infections at the plant;

c.    Failing to warn workers at the Pilgrim's Pride Mt. Pleasant Plant of the dangers posed by COVID-19 infections at the plant;

d.    Failing to warn workers at the Pilgrim's Pride Mt. Pleasant Plant of the dangers posed by workers displaying symptoms of COVID-19 infections at the plant;

e.    Exposing workers at the Pilgrim's Pride Mt. Pleasant Plant to unacceptable risks of harm;

      f.     Violating applicable OSHA regulations, including the General Duty Clause;

      g.     Failing to provide special precautions which would have protected workers from the particular and unreasonable risks of harm which the Defendants recognized;

      h.     Failing to train and supervise workers at the Pilgrim's Pride Mt. Pleasant Plant properly;

      i.     Failing to adequately warn workers at the Pilgrim's Pride Mt. Pleasant Plant of the peculiar and/or unsafe conditions and/or special dangers existing at the Pilgrim's Pride Mt. Pleasant Plant;

      j.     Violating and failing to comply with Federal and State statutes, local ordinances, and all other rules or regulations applicable or in effect, and specifically OSHA and CDC guidance regarding COVID-19 protection and prevention for workplaces and workers;

      k.     Failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans; and

      l.     Failing to cease and/or postpone operations until proper and necessary precautions could be taken to safeguard workers at the Pilgrim's Pride Mt. Pleasant Plant.

99.     The Defendants' conduct, as described above, demonstrated a wanton disregard for the safety and health of workers at the Pilgrim's Pride Mt. Pleasant Plant.

100.     By reason of the intentional misrepresentations of the Defendants, as set forth above, Decedent Elnora Brown and Decedent David Elijah suffered agonizing and horrific deaths.

101.    By conducting itself as set forth above, the Defendants' intentional misrepresentations were a substantial factor, a factual cause of and/or increased the risk of harm to Plaintiffs and Decedents.

102.    The Defendants' misrepresentations were intentional. Defendants are jointly and severally liable for the death of Elnora Brown and David Elijah and all injuries related to their deaths.

103.    WHEREFORE, Plaintiffs demand that judgment be entered in favor of the wrongful death beneficiaries and against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit and brings this action to recover the same.

**PREMISES LIABILITY OF  DEFENDANTS**
**PILGRIM'S PRIDE CORP, JBS USA HOLDINGS, INC.**

104.    Plaintiffs incorporate all preceding paragraphs by reference as though fully set forth herein.

105.    Defendant Pilgrim's Pride Corporation and JBS USA Holdings, Inc. owes their invitee-employees the duty to exercise ordinary care to keep the Plant in a reasonable safe condition, inspect the premise to discover latent defects, and make sure or warn against any concealed, unreasonably dangerous conditions of which Defendants are, or reasonable should be, aware.  Even if the invitee-employee has knowledge of the risk, Defendants  Pilgrim's Pride Corporation and JBS USA Holdings, Inc. are not relieved of its duty to make the premises safe when Defendants should have anticipated that the invitee-employee is unable to take measures to avoid the risk.

106.     Pilgrim's Pride Corporation and JBS USA Holdings, Inc. knew that premise conditions created an unreasonable risk of harm to invitees, like Plaintiffs and Decedents, because of  Defendants' knowledge of the spread of COVID-19 throughout its facilities.

107.     As a non-subscribing employer, Defendants, has additional duties to its employees: Provide necessary equipment and instrumentalities;  Provide training; Provide assistance;  Provide supervision;  Follow current rules, regulations and guidelines; and Exercise ordinary care and keep safe working conditions on premise.

## WRONGFUL DEATH

108.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint by reference.

109.     Decedent David Elijah survived by his wife, Plaintiff Sybil Elijah. Decedent Elnora Brown is survived by her husband, Plaintiff Rayford Brown.

110.     By reason of the death of Decedent David Elijah and of  Decedent Elnora Brown, their beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, loss of consortium and comfort, loss of counseling, and loss of guidance.

111.     As a direct and proximate result of the foregoing, Decedent David Elijah's and Decedent Elnora Brown's wrongful death beneficiaries incurred or have been caused to incur and pay large and various expenses for medical treatment, hospital care and medicine rendered to decedent until the time of his death and to incur various funeral, burial, and estate and administration expenses for which Plaintiff Sybil Elijah and Raymond Brown are entitled to compensation.

112.    Plaintiff Sybil Elijah, individually and as Administrator of Decedent David Elijah's estate and Plaintiff Rayford Brown, individually and as Administrator of Decedent Elnora Brown's and brings this action by virtue of the Wrongful Death Act, TX. Civ. Pro. Sec. 71.010, and pursuant to Tex. Civ. Prac. & Rem. Code § 71.004 and claims all benefits and recoverable damages under the Wrongful Death Act.

113.    WHEREFORE, Plaintiff Sybil Elijah and Raymond Brown demand that judgment be entered in favor of the wrongful death beneficiaries and against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit and brings this action to recover the same.

### PLAINTIFF SYBIL ELIJAH FOR DECEDENT DAVID ELIJAH AND PLAINTIFF RAYFORD BROWN FOR DECEDENT ELNORA BROWN SURVIVAL ACT

114.    Plaintiffs incorporate all preceding paragraphs of this Complaint here by reference.

115.    Plaintiff Sybil Elijah claims on behalf of the Estate of Decedent David Elijah  all damages suffered by the Estate by reason of the death of David Elijah and Plaintiff Rayford Brown claims on behalf of the Estate of Elnora Brown all damages suffered by the Estate by reason of the death of Elnora Brown, including, without limiting the generality of the following: the severe injuries and symptoms suffered by Decedents, which resulted in their deaths; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Decedents suffered prior to their death; the loss of future earning capacity suffered by Decedents from the date of their death until the time in the future that they would have lived had they not died as a result of the injuries they sustained by reason of the Defendants' conduct.

116.    Plaintiff Sybil Elijah brings this action on behalf of Decedent David Elijah and Plaintiff Rayford Brown brings this action on behalf of Decedent Elnora Brown by virtue of the Survival Act, TX Civ. Pro. Sec. 71.021 and pursuant to Tex. Civ. Prac. & Rem. Code § 74.303 claims all benefits of the Survival Act on behalf of Decedent David Elijah's Estate and other persons entitled to recover under law.

117.    WHEREFORE, Plaintiffs demand that judgment be entered in favor of the wrongful death beneficiaries and against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold in compensatory damages, punitive damages, interest, and allowable costs of suit and brings this action to recover the same.

## PUNITIVE/EXEMPLARY DAMAGES

118.    Plaintiffs and Decedents adopt and incorporate by reference the preceding Paragraphs as if fully stated within this section.

119.    The conduct of Defendant Pilgrim's Pride, Defendant JBS, and Defendant PSSI, as described herein constitutes gross negligence.

120.    Defendants were grossly negligent, as that term is understood under Texas law "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others," and such conduct was a proximate cause of Plaintiffs' injuries and Decedents' deaths. Defendants' grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and its callous disregard for the safety of individuals such as Plaintiff Sybil Elijah and Decedent Elnora Brown, and to deter Defendants ongoing actions as well as others from engaging in similar conduct.

121.    Defendants had actual, subjective awareness of said risk but proceeded with a conscious indifference to the rights, welfare and safety of others. Any action taken on behalf of

28

Defendants was, from the above timeline, clearly too little and very late.  On information and belief, Defendants knew that employees were sick from the coronavirus and failed to warn other employees.  Defendants were aware of the risks associated with employees working in close proximity without proper protection yet failed to take any corrective or protective measures.

122.    Defendants' conduct and conscious indifference to the safety of others proximately caused Plaintiffs' injuries and damages, and Plaintiffs and Decedents accordingly sue for exemplary damages.

123.    Plaintiffs therefore ask for punitive and exemplary damages in addition to all actual damages.

## PRE- AND POST-JUDGMENT INTEREST

124.    Plaintiffs additionally plead that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## JURY DEMAND

125.    Plaintiffs hereby request a trial by jury according to Fed. R. Civ. Pro. 38(b).

## CONCLUSION AND PRAYER

126.    Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

By: _____/s/ Eugene R. Egdorf_____
**SHRADER & ASSOCIATES, L.L.P.**
Eugene R. Egdorf
Texas Bar No. 06479570
Federal Bar No. 14112
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: (713) 782-0000
Facsimile:  (713) 571-9605
Email: gene@shraderlaw.com

**ATTORNEY FOR PLAINTIFFS**